IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HENOK AYANA, <br><br> Petitioner, <br><br> v. <br><br> PHILADELPHIA FDC, <br><br> Respondent. | Civil Action No. 1:25-cv-174-LKG <br><br> Dated: March 5, 2025 |

## MEMORANDUM

Petitioner Henok Ayana filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging a disciplinary proceeding that occurred at the federal detention center in Philadelphia, Pennsylvania prior to his transfer to the Federal Correctional Institution ("FCI") in Cumberland, Maryland. After he was notified that he was required to either pay the filing fee or file a Motion to Proceed in Forma Pauperis, Ayana corrected the deficiency and filed the motion which the Court now grants. ECF No. 5. For the reasons that follow, the Petition must be dismissed.

## BACKGROUND

Ayana claims he was wrongfully convicted of possessing suboxone strips and states he had just moved into the cell when the officer found the strips in his cell and charged him with possession. ECF No. 4 at 2. He claims he did not know the suboxone strips were in his cell, but he was nevertheless found guilty of possessing them. *Id*.

Ayana indicates on his petition that he did not file a formal complaint to the warden, appeal the warden's decision to the Regional Director, nor did he appeal to the General Counsel because he "wanted to file it straight with the courts, because I was in transit and no longer there." ECF No. 4-1 at 5-6. He further states that he wants the courts to "resolve this situation" and give him his good conduct time back for the disciplinary infraction. *Id*. at 7.

## DISCUSSION

Although this Court's power to entertain a petition for writ of habeas corpus under 28

U.S.C. § 2241 is broad, it "has long been established that the district court's discretion to entertain habeas petitions and exercise the power of the writ is not boundless." *Timms v. Johns*, 627 F.3d 525, 530 (4th Cir. 2010). "[P]rudential concerns, such as comity and the orderly administration of criminal justice, may require a federal court to forgo the exercise of its habeas corpus power." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). Such is the case where, as here, there is a failure to exhaust administrative remedies.

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies before seeking habeas review under § 2241. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–91 (1973) (requiring exhaustion in a § 2241 matter); *Timms v. Johns*, 627 F.3d 525, 530–33 (4th Cir. 2010) (same); *McClung v. Shearin*, 90 F. App'x. 444, 445 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions."); *Miller v. Clark*, 958 F.2d 368, 1992 WL 48031, at *1 (4th Cir. 1992) (unpublished table opinion) ("Federal prisoners who wish to challenge the length of their confinement must first exhaust administrative remedies."); *Henderson v. Warden, Edgefield Satellite Prison Camp*, No. 2:09-cv-01599-RBH, 2009 WL 3317149, at *2 (D.S.C. Oct. 14, 2009) ("It is well settled that a federal prisoner is required to exhaust his administrative remedies within the BOP before filing an action pursuant to § 2241.").

Ayana is therefore required to exhaust administrative remedies prior to filing his petition in this Court. The Bureau of Prisons' Administrative Remedy Procedure provides that if an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within 20 calendar days of the date of the occurrence on which the complaint is based. *See* 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the Warden's response to his formal written complaint, he may appeal to the Regional Director within 20 calendar days of the Warden's response. *See* 28 C.F.R. § 542.15(a). If the inmate still is not satisfied, he may appeal the Regional Director's response to the Office of General Counsel, Washington, D.C., using the appropriate forms. The inmate must file this final appeal within 30 calendar days of the date the Regional Director signed the response. *See id.* An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. *See* 28 C.F.R. § 542.15(a).

Exhaustion "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992). Exhaustion is

"normally desirable" in order to allow for the development of a factual record and to permit the agency an opportunity to exercise its discretion or apply its expertise, *McKart v. United States*, 395 U.S. 185, 193–94 (1969), as well as to allow the agency to correct its mistakes, which conserves judicial resources at the same time, *McCarthy*, 503 U.S. at 145–46. Ayana's attempt to thwart those purposes by abandoning the entire administrative process and choosing instead to file this petition in Court is not permitted.

By separate Order which follows, the Petition for Writ of Habeas Corpus shall be dismissed without prejudice.

LYDIA KAY GRIGGSBY
United States District Judge